FRANCES W. HAGEDORN v. HEYMAN HAGEDORN ET AL.

(Filed 20 May, 1936.)

**Judgments F b—Order held void as being alternative or conditional.**

> Plaintiff instituted this action to reach assets of the individual defendant to enforce an order for maintenance and support theretofore obtained by plaintiff against the individual defendant under C. S., 1667, alleging that the individual defendant had transferred his assets to a domestic corporation with intent to defraud plaintiff and other creditors. The corporate defendant filed answer, verified by the individual defendant, and plaintiff obtained an order under C. S., 900, that the individual defendant, as president and secretary of the corporate defendant, appear and be adversely examined, and upon his failure to appear, it was ordered, after notice, that the answer be stricken out as authorized by C. S., 903, with the proviso that if the individual defendant did appear by a specified time for adverse examination, the order striking out the answer should be rescinded. *Held:* The effectiveness of the order that the answer should be stricken out was made dependent upon the individual defendant's failure to appear within the time specified, and such order is void as being alternative or conditional. The order being void, the question of whether, upon the facts alleged and found by the court, the court had the power to order the individual defendant, who had moved to another State, to appear and to strike out the answer upon his failure to do so is not presented for decision.

APPEAL by defendant Forsyth Equipment Company from *Pless, J.,* at December Term, 1935, of GUILFORD.

Civil action pending in the Superior Court of Guilford County.

In September, 1935, plaintiff brought suit in the Superior Court of Guilford County against her husband, Heyman Hagedorn, for maintenance and support under C. S., 1667, and obtained an order requiring her said husband to provide $300 per month, and counsel fees, which order has not been obeyed.

The present action was instituted to reach assets belonging to the said Heyman Hagedorn, it being alleged that a certain bank account and other properties belonging to Heyman Hagedorn have been transferred to the Forsyth Equipment Company, a North Carolina corporation of which Heyman Hagedorn is president and treasurer, with intent to defraud the plaintiff and other creditors.

Heyman Hagedorn, being out of the State, was not served with summons. He verifies the answer of the corporate defendant, as treasurer, and says in the verification that he "is familiar with its business." In paragraph two of said answer it is averred "upon information and belief" that for the last eight years the "defendant Heyman Hagedorn" has resided in Pennsylvania and New York for business reasons.

Desiring to procure evidence for the trial, plaintiff obtained an order requiring Heyman Hagedorn, president and treasurer of the Forsyth Equipment Company, to appear before the clerk on 14 December, 1935, and be adversely examined under C. S., 900. Said officer failed to appear; whereupon, after notice, it was ordered, as authorized by C. S., 903, that the defendant's answer be stricken out, with the proviso that the same should not become effective until 20 January, 1936, "and if the defendant Heyman Hagedorn, as treasurer of Forsyth Equipment Company, shall appear before the clerk on Saturday, 18 January, for the purpose of said examination, then the order striking out the pleadings of the defendant shall be and the same is hereby rescinded; otherwise, it shall remain in full force and effect."

From this order the corporate defendant Forsyth Equipment Company appeals, assigning errors.

*Herbert S. Falk and Max J. Kane for plaintiff.*
*Sapp & Sapp for defendant Equipment Company.*

STACY, C. J. We are precluded from deciding the questions debated on brief and argument, *i.e.,* the power of the court to order Heyman Hagedorn, individually or as treasurer of the corporate defendant, to appear for examination under C. S., 900, and to strike out the answer under authority of C. S., 903, for failure to comply, because of the alternative condition attached to the order, which renders it void. *Myers v. Barnhardt,* 202 N. C., 49, 161 S. E., 715; *Flinchum v. Doughton,* 200 N. C., 770, 158 S. E., 486; *Lloyd v. Lbr. Co.,* 167 N. C., 97, 83 S. E., 248; *Strickland v. Cox,* 102 N. C., 411, 9 S. E., 414.

In McIntosh on N. C. Practice and Procedure, page 731, it is said: "A conditional judgment is one whose force depends upon the performance or nonperformance of certain acts to be done in the future by one of the parties, as where a judgment was given for plaintiff, to be stricken out if the defendant filed a bond within a certain time, and this was held to be void," citing as authority for the position *Strickland v. Cox, supra.* This definition was quoted with approval in *Killian v. Chair Co.,* 202 N. C., 23, 161 S. E., 546.

In the instant case, the effectiveness of the order striking out the answer, from which the defendant appeals, was made dependent upon the failure of Heyman Hagedorn, treasurer of the corporate defendant, to appear for examination, prior to the commencement date of the order. This rendered it alternative or conditional. *S. v. Perkins,* 82 N. C., 682; *Dunn v. Barnes,* 73 N. C., 273.

While Heyman Hagedorn was not served with summons, it is observed he verified the answer of the corporate defendant and speaks of himself

therein as the "defendant Heyman Hagedorn." It is also alleged, and found as a fact by the court below, that the Forsyth Equipment Company is but a corporate cloak used by Heyman Hagedorn to avoid service of process in this jurisdiction and to defraud the plaintiff of her support. Whether these considerations are sufficient to make him amenable to the orders of the court is a matter for further consideration in the Superior Court. *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Abbitt v. Gregory,* 196 N. C., 9, 144 S. E., 297; *Johnson v. Mills Co.,* 196 N. C., 93, 144 S. E., 534.

Error.