DAVID SPENCER DANIELSON v. ALAN WALKER CUMMINGS AND WILLIAM SHELBY CUMMINGS, JR.

No. 45

(Filed 6 May 1980)

**Rules of Civil Procedure § 41.1— voluntary dismissal announced in open court — one year to bring new action — when year begins to run**

When a case has proceeded to trial and both parties are present in court, the one year period in which a plaintiff is allowed to reinstitute a suit from a Rule 41(a)(i) voluntary dismissal begins to run from the time of oral notice of voluntary dismissal given in open court, not from the time written notice is filed with the clerk of court.

Justice BROCK did not participate in the consideration or decision of this case.

PLAINTIFF appeals as a matter of right from a decision of the Court of Appeals, one judge dissenting, affirming summary judgment for defendants entered by *Kivett, Judge,* on 5 December 1978 in Superior Court, GUILFORD County. The Court of Appeals' decision is reported at 43 N.C. App. 546, 259 S.E. 2d 332 (1979).

Plaintiff and defendant Alan Walker Cummings were involved in an automobile accident on 20 August 1973 in Greensboro. On 27 March 1975, plaintiff filed complaint against defendants, the driver and owner of the car involved. Defendants, in turn, answered the complaint, and the case was calendared for trial at the 31 January 1977 Civil Jury Session of Superior Court, Guilford County before Judge Collier.

At trial on 1 February 1977, subsequent to empaneling the jury but prior to resting his case, plaintiff's counsel gave notice of voluntary dismissal in open court. The court minutes for that day

indicate that plaintiff's counsel said that "a voluntary dismissal would be presented in this case." In a subsequent affidavit, the courtroom clerk stated: "[T]hat during the trial of this action and before the plaintiff rested, the attorney for the plaintiff stated in open court that the plaintiff was taking a voluntary dismissal as to this action." Thereupon, the judge presiding stopped the trial, dismissed the jury and went on to other calendared business. No written motion of voluntary dismissal was filed at that session of court.

On 25 April 1977, plaintiff's counsel filed written notice of voluntary dismissal pursuant to Rule 41(a)(i), N. C. Rules of Civil Procedure with the Clerk of Court for Guilford County. On 15 February 1978 plaintiff reinstituted this suit, one year and fourteen days past the time of voluntary dismissal taken in open court, but less than ten months from the filing of written notice of voluntary dismissal.

Defendants moved for summary judgment asserting the action was barred by the three-year statute of limitations, G.S. 1-52, because reinstitution of the suit was more than one year from the taking of the voluntary dismissal in open court. The superior court agreed and granted summary judgment. Plaintiff appealed to the Court of Appeals. A majority of that court affirmed summary judgment for the defendants.

*Charles A. Lloyd for plaintiff appellant.*

*Perry C. Henson & Perry C. Henson, Jr., for defendant appellees.*

CARLTON, Justice.

The sole question presented is whether the one-year period in which to reinstitute suit from a voluntary dismissal taken pursuant to G.S. 1A-1, Rule 41(a)(i), runs from time of notice given in open court prior to plaintiff resting his case or from the time written notice is filed with the clerk of court. We hold that the one-year period runs from the time notice is given in open court and so affirm the decision of the Court of Appeals.

The pertinent part of Rule 41 provides:

> [A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case. . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal. . . .

Prior to the adoption of this rule, voluntary dismissals in this jurisdiction were governed by the provisions of G.S. 1-25, which allowed plaintiffs the absolute right to take a voluntary dismissal for any reason at any time prior to verdict. *See, e.g., Southeastern Fire Insurance Company v. Walton,* 256 N.C. 345, 123 S.E. 2d 780 (1962) and cases cited therein. This often resulted in a heavy but needless expenditure of time and effort by the court and other parties. For example, in *Southeastern Fire Insurance Company v. Walton, supra,* plaintiff was allowed to take a voluntary nonsuit when the jury had reached a verdict, had handed that verdict over to a deputy sheriff and the deputy sheriff was walking to the bench to deliver it to the judge. *See also Comment* to G.S. 1A-1, Rule 41, quoting *McCann v. Bentley Stores Corporation,* 34 F. Supp. 234 (W.D. Mo. 1940).

As enacted in 1967, the original version of North Carolina's Rule 41 was designed to correct this problem once the Rule became effective in January 1970. The language of the original version of Rule 41(a)(i) tracked the language of the comparable federal rule and provided:

> [A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or of any motion treated as a motion for summary judgment under these Rules, whichever first occurs. . . .

1967 N.C. Sess. Laws 1315-16.

The two-fold purpose of this provision in the federal rules was to facilitate the taking of voluntary dismissals but at the same time to "safeguard abuse of the right *by limiting it to an early stage of proceedings.*" (Emphasis added.) 5 *Moore's Federal*

*Practice* ¶ 41.02 at 41-18 (2d ed. 1948 & 1979) and cases cited therein.

It is clear, then, that the drafters of this early version of Rule 41 in both North Carolina and federal practice contemplated that a taking of voluntary dismissal as a matter of right would occur at a very early stage of an adjudication where the only official contact between parties was written contact and where no one considered immediate face-to-face confrontation in open court.

This early version of Rule 41, however, was not the version which finally became effective in North Carolina on 1 January 1970. Prior to that date, and in response to a great deal of controversy, *see* Elster, Highlights of Legislative Changes to the New Rules of Civil Procedure, 6 W.F.L. Rev. 267 (1970), the 1969 Session of the General Assembly amended the Rule into the present version. This amended version extended plaintiffs' right to take a voluntary dismissal from the narrow time period allowed in the federal version but

> 'had the effect of changing [the] former practice [under G.S. 1-25] only to the extent that the plaintiff desiring to take a voluntary . . . dismissal . . . must now act before he rests his case. . . . [U]nder our former practice he could do so at any time before the verdict. *In other respects, however, our former practice was not expressly changed by Rule 41(a)(i) as it finally became effective.*' 24 N.C. App. at 376, 210 S.E. 2d at 533. *See* W. A. Shuford, North Carolina Civil Practice and Procedure § 41-4 (1975).

*McCarley v. McCarley*, 289 N.C. 109, 112, 221 S.E. 2d 490, 493 (1976) (emphasis added).

Despite this liberalization of time periods in amended Rule 41, the language was not totally altered. Commentators noted that the statutory provision for "filing" notice of dismissal remained as a carry-over from the counterpart federal rule and did not "fit too well that stage of the [s]tate period for dismissal by notice which extends into trial." 2 McIntosh, North Carolina Practice and Procedure § 1647 at n. 43 (2d ed. 1956 & Pocket Part 1970). At that time, Professor, now Judge, Dickson Phillips suggeted, "Presumably once the case is at the trial stage 'filing' will be read to include 'giving oral notice in open court.' " *Id.*

Given this legislative history and subsequent interpretation, we cannot believe, as plaintiff asserts, that in amending Rule 41 our General Assembly intended that notice of voluntary dismissal from which one year to reinstitute suit runs must always be a paper writing filed with the clerk of court. To so interpret the words of Rule 41 ignores the liberalization of time limits provided by the 1969 amendment. It also ignores the prior practice of giving oral notice of dismissal at trial which has been incorporated into the present version of Rule 41, *McCarley v. McCarley, supra,* and fails to account for the very strong tradition in this State equating oral notice in open court with written notice filed with the clerk. See, *e.g., Wood v. Wood,* 297 N.C. 1, 5-6, 252 S.E. 2d 799, 802 (1979) noting that Rule 7 of the North Carolina Rules of Civil Procedure allows certain oral motions in open court, unlike its federal counterpart.

Clearly, when parties confront each other face-to-face in a properly convened session of court where a written record is kept of all proceedings, there is no necessity to file a paper writing in order to take notice of a voluntary dismissal. In such a case, oral notice of dismissal is clearly adequate, and fully satisfies the "filing" requirements of Rule 41(a)(i).

Plaintiff's reliance on *Rowland v. Beauchamp,* 253 N.C. 231, 116 S.E. 2d 720 (1960), as suggesting otherwise, is unfounded. In that case, the plaintiff was subjected to an *involuntary* nonsuit (now dismissal), and gave notice of appeal. When appeal was not timely perfected, defendant moved and obtained dismissal of the appeal. Thereafter plaintiff reinstituted his lawsuit. Under the version of code pleading then existent, plaintiff was permitted to reinstitute his suit within one year of an involuntary dismissal. Defendants argued that plaintiff had only a year from the involuntary nonsuit; plaintiff argued he had a year from dismissal of the appeal of the involuntary nonsuit. The Court determined that the issue was whether "the judgment of involuntary nonsuit dismissing plaintiff's first action *[became] final* . . . when it was entered [in open court] . . . or when plaintiff's appeal from such judgment was dismissed [for] . . . failure to perfect his appeal." (Emphasis added.) 253 N.C. at 236, 116 S.E. 2d at 724. The Court there held that the judgment of nonsuit became final when the appeal was dismissed and allowed reinstitution of the lawsuit.

The issue in *Rowland v. Beauchamp* therefore was the finality of the termination of the first lawsuit. There final termination only occurred when the appeal process was over. Here the first action was definitely and finally terminated by plaintiff's voluntary dismissal in open court when Judge Collier ended the case and dismissed the jury on 1 February 1977. There was no appeal, and time to reinstitute the suit ran from this date. *Rowland* does nothing to further plaintiff's position. We further note that to allow plaintiff's interpretation of Rule 41(a)(i) would allow all plaintiffs to extend indefinitely the time for reinstituting a lawsuit by delaying filing written notice of dismissal with the clerk of court once they have given notice in open court. We cannot believe the drafters of our version of Rule 41(a)(i) ever intended such a consequence.

Accordingly, we hold that when a case has proceeded to trial and both parties are present in court, the one-year period in which a plaintiff is allowed to reinstitute a suit from a Rule 41(a)(i) voluntary dismissal begins to run from the time of oral notice of voluntary dismissal given in open court.

The decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.