DEBORAH MELISSA CHEEK CASSIDY v. ANNIE CAVINESS CHEEK AND CURTIS ASTOR MOORE

No. 576PA82

(Filed 7 July 1983)

**Judgments § 4— conditional order—void**
　　An order which stated that plaintiff's action will be dismissed if plaintiff fails to comply with a discovery order before a certain date was conditional and therefore void.

ON discretionary review of the decision of the Court of Appeals, 58 N.C. App. 742, 294 S.E. 2d 414 (1982), affirming judgments for defendants entered by *Wood, J.,* at the 6 April 1981 Civil Session of Superior Court, RANDOLPH County.

*Ottway Burton and W. Edward Bunch for plaintiff appellant.*

*Gavin and Pugh, by W. Ed Gavin, for defendant appellee Annie Caviness Cheek.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Richard L. Vanore, for defendant appellee Curtis Astor Moore.*

MARTIN, Justice.

Plaintiff was injured on 22 September 1975 while riding as a passenger in a car driven by her mother, defendant Cheek. The

car collided with a Chevrolet truck operated by defendant Moore. This action was commenced on 18 September 1978. The plaintiff failed to comply with discovery requests, and an order to compel discovery was entered. Plaintiff failed to obey this order. On 14 December 1979, the trial judge entered the following order:

> THIS CAUSE COMING ON TO BE HEARD before the undersigned Judge Presiding at the December 10, 1979, Civil Session of Superior Court of Randolph County on motion of defendant Curtis Astor Moore pursuant to Rule 41(b) and Rule 37 of the North Carolina Rules of Civil Procedure to dismiss the plaintiff's claim for failure of the plaintiff to comply with the order entered by the Honorable Coy E. Brewer, Jr., Superior Court Judge, on July 19, 1979, and it appearing to the Court that the plaintiff did not file answers to interrogatories until November 27, 1979 and did not respond to the Request for Production of Documents until after the call of the motion calendar on December 10, 1979, at which time counsel for the plaintiff hand-delivered to counsel for defendant Curtis Astor Moore two statements for medical expenses in the respective amounts of $126.25 and $171.00 and a letter of an overdue account for medical expenses in the amount of $54.00, and after having considered the court file and hearing arguments of counsel for the parties, it appeared to the Court and the Court finds as a fact that plaintiff has failed to comply with the order entered in the above-entitled action on July 19, 1979 and that if plaintiff fails to comply with said order by failing to produce those documents specified in the Request For Production of Documents before January 7, 1980, then plaintiff's action shall be dismissed;

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that if the plaintiff fails to  produce and permit the attorneys for defendant Curtis Astor Moore to inspect and copy those documents specified in the Request For Production of Documents in the manner as set forth in the Request For Production of Documents before January 7, 1980, then plaintiff's action shall be and the same will be dismissed with prejudice; and IT IS FURTHER ORDERED that the motion of defendant Curtis Astor Moore to require the plaintiff or her attorney to pay the reasonable expenses incurred, including an attorney's fee, in obtaining said orders pertaining to dis-

covery shall be continued and heard by the Presiding Judge at the January 7, 1980, Civil Session of Superior Court of Randolph County.

This the 14 day of December, 1979.

s/ JAMES C. DAVIS

Thereafter, plaintiff failed to further comply with the discovery order. On Monday, 7 January 1980, defendant Moore moved to dismiss plaintiff's action based upon the order of Judge Davis. The clerk's minutes for that day contain the following:

Cassidy vs Moore

Motion of the defendant to dismiss upon ORDER OF JUDGE DAVIS. Before the Court rules on said Motion, Counsel for the plaintiff states to the Court that he will take a Voluntary Dismissal.

On 9 January 1980, the following notice of dismissal was filed:

Now comes the plaintiff into Court through her attorney of record, Ottway Burton, pursuant to Rule 41(a)(1) and files notice of dismissal before resting her case.

All parties are hereby notified that the plaintiff hereby dismisses this action as of voluntary dismissal without prejudice under Rule 41(a)(1) to proceed again with this matter within one (1) year from date.

This the 7th day of January, 1980.

s/ OTTWAY BURTON
Ottway Burton, Attorney
for the Plaintiff

Plaintiff reinstated her action against defendants on 6 January 1981. Defendant Cheek moved for summary judgment on the grounds that when plaintiff's cause of action accrued, 22 September 1975, she was an unemancipated seventeen-year-old child of defendant Cheek, residing in the home of defendant Cheek, and that defendant Cheek was immune from suit by her child. This motion was allowed by the trial court. N.C.G.S. 1-539.21, which abolished parent-child immunity in personal injury cases arising from automobile accidents, does not apply to plain-

tiff's cause of action which accrued before the effective date of the statute, 1 October 1975. Plaintiff concedes that the dismissal of her claim against defendant Cheek was proper.

Defendant Moore moved for summary judgment on the grounds that the order of 14 December 1979 by Judge Davis dismissed plaintiff's first action with prejudice and thus bars plaintiff's present action. The trial court allowed defendant Moore's motion and dismissed plaintiff's action. Upon review, the Court of Appeals affirmed the decision of the trial court.

The sole issue before this Court is whether the Court of Appeals erred in affirming the trial court's dismissal of plaintiff's claim against defendant Moore. We hold that the Court of Appeals erred and accordingly reverse.

The order of 14 December 1979 by Judge Davis did not dismiss plaintiff's action. The key portions of the order are:

> [I]f plaintiff fails to comply with said order by failing to produce those documents specified in the Request For Production of Documents before January 7, 1980, then plaintiff's action *shall be* dismissed;
>
> . . . [I]f the plaintiff fails to produce and permit the attorneys for defendant Curtis Astor Moore to inspect and copy those documents specified in the Request For Production of Documents in the manner as set forth in the Request For Production of Documents before January 7, 1980, then plaintiff's action *shall be* and the same *will be* dismissed with prejudice . . . .

(Emphasis added.) Rather than dismissing plaintiff's action, the order states that the action will be dismissed if plaintiff fails to comply with the discovery order before 7 January 1980. The order is a conditional order and therefore void. *Hagedorn v. Hagedorn*, 210 N.C. 164, 185 S.E. 768 (1936); *Flinchum v. Doughton*, 200 N.C. 770, 158 S.E. 486 (1931). In *Hagedorn*, the order striking defendant's answer was dependent upon the failure of Heyman Hagedorn to appear for an adverse examination prior to a day certain. Our Court held this rendered the order alternative or conditional and thereby void. So here, the order of Judge Davis was dependent upon plaintiff's failing to produce the discovery materials previously ordered. The order is not self-

executing. It is, therefore, conditional and void. *Lloyd v. Lumber Co.*, 167 N.C. 97, 83 S.E. 248 (1914).

Because the order of 14 December 1979 did not dismiss plaintiff's action against Moore, plaintiff had the right to take a voluntary dismissal on 7 January 1980 before the trial judge ruled upon defendant Moore's motion to dismiss. The record does not indicate that the trial court ruled upon defendant's motion to dismiss at the January term. The clerk's minutes show that plaintiff's counsel took a voluntary dismissal in open court on 7 January 1980. Thereafter, written notice of the taking of the dismissal was filed on 9 January 1980. Although written notice of dismissal was filed, the effective date of the dismissal for statute of limitations purposes is the date the dismissal was announced in open court, 7 January 1980. *Danielson v. Cummings*, 43 N.C. App. 546, 259 S.E. 2d 332 (1979), *aff'd*, 300 N.C. 175, 265 S.E. 2d 161 (1980). The subsequent reinstitution of plaintiff's suit on 6 January 1981 was within one year after the date of the dismissal, 7 January 1980, and therefore within the statutory period. N.C.R. Civ. P. 41(a)(1).

The order of the trial court of 8 April 1981 dismissing plaintiff's action against defendant Moore was erroneous. The decision of the Court of Appeals affirming that order is reversed.

The decision of the Court of Appeals affirming the dismissal of plaintiff's action against the defendant Cheek is affirmed.

Affirmed as to defendant Cheek.

Reversed as to defendant Moore.