JOHNSON v. HUTCHENS

[103 N.C. App. 384 (1991)]

Reversed and remanded.

Chief Judge HEDRICK and Judge LEWIS concur.

---

CARL DEWEY JOHNSON, SR. v. RONALD JAMES HUTCHENS AND NANCY VERNON HUTCHENS

No. 9018SC1148

(Filed 2 July 1991)

**Rules of Civil Procedure § 41 (NCI3d)— time of voluntary dismissal—reinstitution of action within one year**

Voluntary dismissal without prejudice of plaintiff's original action occurred when written notice was received and filed by the clerk on 11 May 1987, not when plaintiff's attorney called the office of defendant's attorney on 8 May 1987 and left a message that plaintiff was taking a voluntary dismissal or when plaintiff's attorney mailed defendant's attorney a copy of the dismissal dated 8 May 1987. Therefore, a new action filed by plaintiff on 11 May 1988 was filed within one year after the voluntary dismissal as permitted by N.C.G.S. § 1A-1, Rule 41(a)(1)(i).

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 33, 35, 36; Limitation of Actions § 311.**

APPEAL by plaintiff from judgment entered 23 July 1990 by *Judge Preston Cornelius* in GUILFORD County Superior Court. Heard in the Court of Appeals 15 May 1991.

Plaintiff filed a complaint on 9 May 1986 against defendant Ronald Hutchens for injuries resulting from an automobile collision of 17 November 1983. Plaintiff took a voluntary dismissal of the 1986 action without prejudice. A new complaint filed by plaintiff on 11 May 1988 named Ronald Hutchens and Nancy Hutchens as defendants. The trial court dismissed the actions against both defendants on 23 July 1990. From the judgment dismissing defendant Ronald Hutchens, plaintiff appeals.

*Max D. Ballinger for plaintiff-appellant.*

*Henson Henson Bayliss & Sue, by Perry C. Henson and Lyn K. Broom, for defendant-appellee.*

ARNOLD, Judge.

Plaintiff contends the trial court erred in granting defendant's motion to dismiss based on plaintiff's failure to commence a new action within one year of a voluntary dismissal. We agree.

The issue presented is on what date did the one year period begin in which plaintiff could reinstitute suit following the dismissal. N.C.R. Civ. P. 41(a)(1)(i). Defendant argues that the one year period began on 8 May 1987. On this date plaintiff's attorney called the office of defendant's attorney and left a message that plaintiff was taking a dismissal in the action. He also mailed defendant's attorney a copy of the dismissal dated 8 May 1987. Plaintiff contends the time period began running after the clerk of court received and stamped the written notice of dismissal as filed on 11 May 1987.

Rule 41(a)(1)(i) allows a plaintiff to dismiss an action or any claim "at any time *before the plaintiff rests his case*[.]" N.C.R. Civ. P. 41(a)(1)(i) (emphasis added). The former practice of allowing voluntary dismissals at any time before the verdict under N.C. Gen. Stat. § 1-25 (repealed by Session Laws 1967) influenced North Carolina's adoption of Rule 41. W.A. Shuford, *North Carolina Civil Practice and Procedure*, § 41-4 (2d ed. 1981).

This influence prompted our Supreme Court to note "the very strong tradition in this State equating oral notice in open court with written notice filed with the clerk." *Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d 161, 163 (1980). Based upon this past practice the Supreme Court found oral notice of voluntary dismissal in open court "is clearly adequate, and fully satisfies the 'filing' requirements of Rule 41(a)[(1)](i)." *Id.*

Despite language in *Gillikin v. Pierce*, 98 N.C. App. 484, 391 S.E.2d 198, *review denied*, 327 N.C. 427, 395 S.E.2d 677 (1990), which could be read as suggesting otherwise, no means other than oral notice in open court have been allowed to substitute for the filing requirements of Rule 41(a)(1)(i). Contact with defendant's attorney by telephone or mail concerning voluntary dismissal does not satisfy the filing requirement of Rule 41(a)(1)(i). Voluntary

dismissal without prejudice of the action below occurred when written notice was received and filed by the clerk of court on 11 May 1987.

Rule 41(a)(1) allows a new action based on the same claim to "be commenced within one year after such dismissal" unless a shorter time is specified. Plaintiff commenced a new action based on the same claim on 11 May 1988. "In computing any period of time prescribed or allowed by these rules, . . . the day of the act . . . after which the designated period of time begins to run is not to be included." N.C.R. Civ. P. 6(a). The trial court erred in dismissing plaintiff's action based upon its erroneous holding that plaintiff had failed to commence a new action within one year after the dismissal of the prior action.

Reversed.

Judges WELLS and PHILLIPS concur.