GENEVA THOMPSON AND DAVID O. THOMPSON v. WILLIAM H. NEWMAN, INDIVIDUALLY, AND WILLIAM H. NEWMAN, M.D., P.A.

No. 69A91

(Filed 25 June 1992)

**Rules of Civil Procedure § 41.1 (NCI3d) — voluntary dismissal — oral notice — subsequent written notice — beginning of one-year savings provision**

When a trial court instructs, or expressly permits, a plaintiff who has given oral notice of voluntary dismissal pursuant to Rule 41(a)(1) to file written notice to the same effect at a later date during the session of court at which oral notice was given, and plaintiff files written notice accordingly, the one-year provision for refiling provided by the rule begins to run when written notice is filed.

**Am Jur 2d, Limitation of Actions § 316.**

Justice LAKE did not participate in the consideration or decision of this case.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from a decision by a divided panel of the Court of Appeals, 101 N.C. App. 385, 399 S.E.2d 407 (1991), reversing an order rendered at the 26 January 1990 session of Superior Court, CUMBERLAND County, *Johnson, J.*, presiding, and remanding for findings. Heard in the Supreme Court 10 September 1991.

*Bailey & Dixon, by David M. Britt, Gary S. Parsons, and Mary Elizabeth Clarke, for plaintiff-appellants.*

*Anderson, Broadfoot, Johnson, Pittman & Lawrence, by Hal W. Broadfoot, for defendant-appellant.*

EXUM, Chief Justice.

This is a civil action seeking compensatory and punitive damages for alleged medical malpractice based on allegations that defendant physician performed a mastectomy on plaintiff Geneva Thompson without obtaining her informed consent. Plaintiffs voluntarily dismissed their original action and subsequently filed this one. The issue before us is whether the present action was filed within the one-year savings provision of Rule 41(a)(1) of the North Carolina

Rules of Civil Procedure. Resolution of this issue depends upon whether the year began to run when plaintiffs gave oral notice of voluntary dismissal in open court or when plaintiffs, two days later, pursuant to the trial court's instructions, and during the same session of court, filed written notice of dismissal.

The operative facts are these:

Plaintiffs originally filed their complaint on 2 June 1983. The case was apparently on the trial calendar for the 7 November 1988 session of Superior Court, Cumberland County, Battle, J., presiding. On Monday, 7 November 1988, during the hearing of pretrial motions in this and other cases, the trial court granted motions to quash plaintiffs' subpoena for certain witnesses and thereafter denied plaintiffs' motion to continue the case to a future date. Plaintiffs' counsel said, "We're prepared to go forward." The trial court then proceeded to other cases on the calendar, presumably to hear pretrial motions and determine trial readiness. Later that day, the following colloquy occurred between the trial court, counsel for plaintiffs, Mr. David, and counsel for defendant, Mr. Broadfoot:

COURT: All right. Mr. David, are you ready?

MR. DAVID: Yes, your Honor. Your Honor, with regrets, rather than continue to consume the time of the Court and other people involved and the jury, with Geneva Thompson being in court with me now, we're going to take a voluntary dismissal without prejudice.

COURT: All right. Thank you. I'm sure it's a difficult matter, *and you may file that later in the week.*

MR. DAVID: Thank you, your Honor.

COURT: Thank you very much.

MR. BROADFOOT: May we be excused, your Honor?

COURT: Yes, sir.

(Emphasis added.) When this colloquy occurred, according to an affidavit of plaintiff Geneva Thompson received at the hearing on summary judgment, the case had not been called for trial and neither the jury nor defendant was in court. Minutes entered by the trial court clerk on 7 November 1988 state in pertinent part:

## THOMPSON v. NEWMAN

[331 N.C. 709 (1992)]

"Vol. dismissal w/o prejudice to be filed by atty. H. David."[1] Plaintiffs filed written notice of voluntary dismissal two days later, on 9 November 1988, during the 7 November 1988 session of court. On 8 November 1989, plaintiffs, represented by different counsel, filed this action.

Defendant moved to dismiss the current suit under Rule 12(b)(6) on grounds the claim was barred by the three-year statute of limitations, N.C.G.S. § 1-15(c),[2] and by Rule 41(a)(1), because plaintiffs had refiled the action more than one year after their voluntary dismissal. The trial court treated defendant's motion as one for summary judgment. It received evidence tending to show the facts as recited. Concluding the one-year provision for refiling under Rule 41(a)(1) began to run when plaintiffs gave their oral notice, the trial court allowed summary judgment for defendant.

The Court of Appeals' majority, in an opinion by Orr, J., considered plaintiffs' oral notice to be "ambiguous in the absence of additional evidence as to whether plaintiffs' attorney was in fact taking a voluntary dismissal or was merely expressing an intention to do so." It reversed the summary judgment and remanded for findings of fact. Judge Greene dissented on the basis that plaintiffs' oral notice was not ambiguous and was "effective immediately" to start the time for refiling, and he voted to affirm the trial court's summary judgment order.

We conclude the time for refiling began to run when plaintiffs' written notice was filed and the trial court erred in granting summary judgment for defendant on the ground specified. The Court of Appeals' decision insofar as it reversed the trial court's summary judgment for defendant is, for the reasons given herein, affirmed. Its decision remanding the matter for findings is vacated.

While we agree with the Court of Appeals' majority that the trial court erred in entering summary judgment for defendant,

---

1. These minutes are not in the original record on appeal. Plaintiffs have submitted to this Court a motion under Rule 9(b) of the North Carolina Rules of Appellate Procedure to amend the record to include the minutes, and that motion is unopposed. We, therefore, grant the motion and consider the minutes as part of the record.

2. According to plaintiffs' complaint, the mastectomy was performed on 12 October 1980. Thus, but for the one-year savings provision of Rule 41(a)(1), plaintiffs' claim would be barred by the statute of limitations.

we do so for a different reason. We hold that when a trial court instructs, or expressly permits, a plaintiff who has given oral notice of voluntary dismissal pursuant to Rule 41(a)(1) to file written notice to the same effect at a later date during the session of court at which oral notice was given, and plaintiff files written notice accordingly, the one-year period for refiling provided by the rule begins to run when written notice is filed.

Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, with some exceptions not here material, provides that civil actions may be voluntarily dismissed by the plaintiff "without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." The rule then provides that "a new action based on the same claim may be commenced within one year after such dismissal."

By its terms Rule 41(a)(1) requires voluntary dismissals either by notice of plaintiff or by stipulation of parties to be filed. The rule clearly contemplates a written notice or stipulation. In order, however, to prevent abuse of the one-year savings provision and because, before the new rules took effect, giving oral notice was common practice, we have held: "when a case has proceeded to trial and both parties are present in court the one-year period in which a plaintiff is allowed to reinstate a suit from a Rule 41(a)[(1)] voluntary dismissal begins to run from the time of oral notice of voluntary dismissal in open court." *Danielson v. Cummings*, 300 N.C. 175, 180, 265 S.E.2d 161, 164 (1980).

In *Danielson* plaintiff did not file written notice of the dismissal until nearly three months after his oral notice, made after the jury had been impaneled but before plaintiff rested. Plaintiff attempted to refile his action within a year of the written notice but more than a year after oral notice. Noting that "[n]o written motion of voluntary dismissal was filed at that session of court," 300 N.C. at 176, 265 S.E.2d at 161, the Court explained why the written notice in that case filed months later could not be allowed to extend the one-year provision of 41(a)(1):

> [T]o allow plaintiff's interpretation of Rule 41(a)[(1)] would allow all plaintiffs to extend indefinitely the time for reinstituting a lawsuit by delaying filing written notice of dismissal

**THOMPSON v. NEWMAN**

[331 N.C. 709 (1992)]

with the clerk of court once they have given notice in open court.

*Id.* at 180, 265 S.E.2d at 164.

In *Cassidy v. Cheek*, 308 N.C. 670, 303 S.E.2d 792 (1983), the trial court was considering a pretrial motion to dismiss plaintiff's case for failure to comply with a discovery order when, before the trial court ruled on the motion, counsel for plaintiff gave the court oral notice of voluntary dismissal. Plaintiff filed written notice of voluntary dismissal two days later. Within a year of the oral notice of dismissal plaintiff refiled the complaint, and defendant moved to dismiss, contending that the first action had been dismissed with prejudice. The trial court dismissed the suit. This Court reversed the dismissal, holding that the suit was voluntarily dismissed and noting that Rule 41(a)(1) allowed plaintiff one year to refile the action. *Id.* at 673, 303 S.E.2d at 794. We noted, without having to decide the question, that although written notice of voluntary dismissal was filed, the effective date of dismissal for purposes of the one-year savings provision was the day plaintiff gave oral notice in open court. *Id.* at 674, 303 S.E.2d at 795.

The circumstances now before us distinguish this case from *Danielson* and *Cassidy*. The trial court here expressly permitted, if not instructed, plaintiffs' counsel to file written notice "later in the week," during the same session of court in which oral notice was given. Plaintiffs' counsel filed written notice according to the permission given. There was no danger plaintiff could have extended indefinitely the one-year savings provision of the rule.

The intent of the legislature in adopting the Rules of Civil Procedure was " 'to achieve simplicity, speed, and financial economy in litigation. Liberality is the canon of construction.' " *Lemons v. Old Hickory Council*, 322 N.C. 271, 275, 367 S.E.2d 655, 657 (quoting James E. Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest Intra. L. Rev. 1, 6 (1968) ), *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988). The actions of the plaintiffs and the trial court here vis-a-vis plaintiffs' voluntary dismissal served these purposes. Plaintiffs' counsel, apparently believing pursuit of the action was futile without certain witnesses, gave oral notice to the trial court, before trial commenced, that the case would be voluntarily dismissed. The trial court, cognizant of the rule's filing requirement, authorized plaintiffs' counsel to file the notice later during the session and did not begin trial of the case. Plain-

**IN RE ELLER**

[331 N.C. 714 (1992)]

tiffs' counsel complied. The trial court was thereby saved the time of beginning and continuing the trial until the notice could be prepared and filed, and the rule's filing requirement was duly satisfied.

Under the foregoing circumstances the written notice provides a more certain, more easily ascertainable, and less impeachable event from which to measure the beginning of the one-year period for refiling. We, therefore, see no reason to depart from the language of the rule; and we conclude the one-year period for refiling provided by the rule began when the written notice was filed.

The Court of Appeals' decision reversing summary judgment for defendant is, therefore, affirmed. Its decision remanding the case for findings of fact is vacated.

Affirmed in part; vacated in part.

Justice LAKE did not participate in the consideration or decision of this case.