BAKER v. BECAN

[123 N.C. App. 551 (1996)]

━━━━━━━━━━━━

MARGARET LUFFMAN BAKER, PLAINTIFF v. ARTHUR F. BECAN, M.D., STOKES-REYNOLDS MEMORIAL HOSPITAL, INC., AND STOKES-REYNOLDS MEMORIAL HOSPITAL, INC. D/B/A JONES OUTPATIENT CLINIC A/K/A DR. R.J. JONES MEDICAL CENTER, DEFENDANTS

No. COA95-288

(Filed 6 August 1996)

**Trial § 213 (NCI4th)— voluntary dismissal—failure to refile within one-year period**

The one-year limitation period within which plaintiff might have renewed her claim under N.C.G.S. § 1A-1, Rule 41(a)(1) commenced 7 July 1993, the date plaintiff's counsel stated in open court that he intended to file notice of voluntary dismissal, rather than when the written notice was filed on 12 July 1993; therefore, since plaintiff's second "Application and Order Extending Time to File Complaint" was not filed until 12 July 1994, her claim was barred by the limitations period and was properly dismissed by the trial court.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9 et seq.**

**Time when voluntary nonsuit or dismissal may be taken as of right under statute so authorizing at any time before "trial", "commencement of trial", "trial of the facts" or the like. 1 ALR3d 711.**

**Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.**

Appeal by plaintiff from order entered 26 October 1994 by Judge Clarence W. Carter in Stokes County Superior Court. Heard in the Court of Appeals 7 December 1995.

*Charles Peed and Associates, by Charles O. Peed, for plaintiff-appellant.*

*Joseph Edward Downs for defendant-appellee Arthur F. Becan, M.D.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Elizabeth Horton, for defendant-appellees Stokes-Reynolds Hospital, Inc., and Stokes-Reynolds Memorial Hospital, Inc. d/b/a Jones Outpatient Clinic a/k/a Dr. R. J. Jones Medical Center.*

JOHN, Judge.

Plaintiff appeals dismissal with prejudice of her medical malpractice complaint against defendants. We affirm the trial court.

Pertinent procedural information is as follows: On 19 March 1993, plaintiff filed an application pursuant to N.C.R. Civ. P. 3(a) to extend the time in which to file complaint against defendants. The clerk of court thereupon issued an order extending the time for filing plaintiff's complaint through 19 April 1993. On 7 April 1993, plaintiff filed a complaint alleging, *inter alia*, that defendant Arthur Becan, M.D., was negligent in the medical treatment of plaintiff's ankle. However, the complaint contained neither prayer for relief nor demand for judgment.

In May 1993, defendants moved to dismiss pursuant to N.C.R. Civ. P. 12(b)(6). Plaintiff subsequently sought amendment of the complaint under N.C.R. Civ. P. 15 for purposes of adding a prayer for relief. The motions were calendared for hearing 7 July 1993 in Stokes County Superior Court. However, according to stipulations in the record, on that date counsel for plaintiff related to the court that "it was his intention to file a written notice of dismissal of the action" and that he planned to prepare such document upon returning to his office. The motions thus were not heard. A hand-written entry on the clerk's calendar for 7 July 1993 reads, "V.D. to be filed by Mr. Peed." Written notice of plaintiff's voluntary dismissal was thereafter filed 12 July 1993.

On 12 July 1994, plaintiff once again filed an "Application and Order Extending Time to File Complaint," and was allowed until 1

August 1994 to file her complaint; she filed her second malpractice action 28 July 1994. Defendant Becan thereupon moved to dismiss based upon plaintiff's "(1) failing to state a cause of action; (2) not having filed her cause of action within the applicable 3 year statute of limitations; and (3) failure to recommence her cause of action within one (1) year after having once before voluntarily dismissed her purported cause of action." Defendant Stokes-Reynolds Memorial Hospital, Inc., also moved to dismiss plaintiff's action. Defendants' motions were granted by the trial court in an order filed 26 October 1994. Plaintiff appeals.

Plaintiff brings forth two main assertions on appeal: (1) her first complaint, filed 7 April 1993, was valid despite lack of prayer for relief and was properly filed within the three-year statute of limitations period; (2) the one-year limitation period for refiling of plaintiff's claim (dismissed under N.C.R. Civ. P. 41(a)(1) [Rule 41(a)(1)]) began to run 12 July 1993, the date plaintiff's written notice of voluntary dismissal was filed, and therefore her second "Application and Order Extending Time to File Complaint" was timely filed 12 July 1994.

On the other hand, defendants contend plaintiff's original complaint was a nullity due to its lack of prayer for relief and therefore failed to toll the three-year limitations period which (as extended by the clerk) ran 19 April 1993. Defendants further argue that, assuming *arguendo* plaintiff's first claim was properly filed, the one-year period to refile under Rule 41(a)(1) commenced 7 July 1993 and therefore ran prior to plaintiff's refiling of her claim 13 July 1994. As we decide plaintiff did not timely refile under Rule 41(a)(1) and therefore defendants' motions to dismiss were properly granted, we need not address whether plaintiff's complaint was effective notwithstanding lack of prayer for relief.

Rule 41(a)(1) provides as follows:

If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . .

In this jurisdiction, oral notice in open court of voluntary dismissal operates to commence the one-year limitation period set out in Rule 41(a)(1). *Cassidy v. Cheek*, 308 N.C. 670, 674, 303 S.E.2d 792, 795 (1983); Danielson v. Cummings, 300 N.C. 175, 179, 265 S.E.2d 161, 163

**BAKER v. BECAN**

[123 N.C. App. 551 (1996)]

(1980); *Johnson v. Hutchens*, 103 N.C. App. 384, 385, 405 S.E.2d 597, 598 (1991).

Notwithstanding, plaintiff points to *Thompson v. Newman*, 331 N.C. 709, 417 S.E.2d 224 (1992) as support for her position. We find the case inapposite.

In *Thompson*, this Court held:

> [W]hen a trial court instructs, or expressly permits, a plaintiff who has given oral notice of voluntary dismissal pursuant to Rule 41(a)(1) to file written notice to the same effect at a later date during the session of court at which oral notice was given, and plaintiff files written notice accordingly, the one-year period for refiling provided by the rule begins to run when written notice is filed.

*Id.* at 712, 417 S.E.2d at 225. In the case *sub judice*, there is no evidence the trial court "instruct[ed]" or "expressly permit[ted]" plaintiff to file written notice of dismissal at a later date. While the statement of plaintiff's counsel informing the court of his intention to prepare the dismissal document upon returning to his office might arguably imply tacit approval of the court, counsel's announcement in no way constitutes either "express permission" or "instruction" by the court to file at a later date so as to bring this case within the rubric of *Thompson*. Further, it appears from the record that plaintiff's written notice of dismissal was filed after the subject session of court had concluded.

In short, the one-year limitation period within which plaintiff might have renewed her claim under Rule 41(a)(1) commenced 7 July 1993, the date plaintiff's counsel stated in open court that he intended to file notice of voluntary dismissal. As plaintiff's second "Application and Order Extending Time to File Complaint" was not filed until 12 July 1994, her claim was barred by the limitations period and was properly dismissed by the trial court.

Affirmed.

Judges LEWIS and WYNN concur.