**KEYZER v. AMERLINK, LTD.**

[164 N.C. App. 761 (2004)]

LUDOVICUS KEYZER a/k/a LUDO KEYZER, Plaintiff v. AMERLINK, LTD., Defendant

No. COA03-598

(Filed 15 June 2004)

**Trials— voluntary dismissal—refiling—limitation period**

The trial court erred by dismissing an action with prejudice after concluding that plaintiff had exceeded the one year limit for refiling after a voluntary dismissal. An oral notice in open court generally begins the one year limitation period for refiling, but there is an exception, applicable here, when the original court instructs or permits the filing of the written notice at a later date. N.C.G.S. § 1A-1, Rule 41(a)(1)(ii).

Appeal by plaintiff from order entered 25 March 2003 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 5 February 2004.

*Barry Nakell for plaintiff-appellant.*

*Meyer & Meuser, P.A., by Linda K. Wood, Deborah N. Meyer, and John B. Meuser, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Ludovicus Keyzer, a/k/a Ludo Keyzer, ("plaintiff") appeals the trial court's order dismissing his action with prejudice. For the reasons detailed below, we reverse the decision of the trial court.

The pertinent facts and procedure of the instant appeal are as follows: On 22 February 1999, plaintiff filed a complaint against Amerlink, Ltd. ("defendant"), alleging breach of contract, breach of express and implied warranties, fraud, and unfair and deceptive trade practices arising out of the sale of a log home package. The action proceeded to trial, and on 10 September 2001, after plaintiff had rested his case and while defendant was presenting its defense, the parties reached a settlement which was reduced to writing that same day ("the Agreement"). The hand-written Agreement provided that:

Upon execution of this settlement agreement the court will declare a mistrial in this action; and thereafter, on or before Jan. 2, 2002, the parties will file a stipulation of dismissal without prejudice under Rule 41(a).

The trial court thereafter declared a mistrial and dismissed the jury.

On 12 September 2001, the parties executed a typed supplement to the Agreement, which did not contain the language requiring the parties file a stipulation of dismissal. However, on 10 January 2002, the parties entered into a supplement to the "Agreement Dated September 12, 2001," which provided that the parties would file a stipulation of dismissal pursuant to Rule 41(a)(1)(ii) on or before 15 January 2002. On 15 January 2002, the parties filed a Stipulation of Dismissal.

On 4 December 2002, plaintiff filed a breach of contract action, claiming defendant failed to make a settlement payment required by the Agreement. Plaintiff also refiled his previous action, based upon the same claims as those made in February 1999. That same day, defendant filed a Motion to Stay, alleging breach of contract and seeking release from further performance under the Agreement because of plaintiff's alleged violation of the confidentiality clause contained in the Agreement. On 27 January 2003, defendant filed a "Motion to Convert Motion to Stay to Motion to Dismiss or in the Alternative to Stay."

On 25 March 2003, the trial court granted defendant's motion to dismiss, concluding as a matter of law that:

1. At the time the Court dismissed the jury . . ., the parties did not seek leave of court to file, nor did they in fact file a Motion for Dismissal under Rule 41(a)[(1)](ii).

2. The one year period for commencing an action after taking a voluntary dismissal under Rule 41(a) began to run on or about September 10, 2001 when the Court . . . dismissed the jury.

3. A party to an action cannot establish a longer period of time for commencing an action by delaying the filing of a Rule 41(a) dismissal. Nor can the parties contract to extend the period.

4. [Plaintiff's] failure to commence this action within the one year of the date upon which the Court dismissed the jury . . . warrants a dismissal of this action.

5. The statute of limitations has expired on [plaintiff's] underlying claims and such claims are absolutely barred.

6. Based upon information presented to this Court, an [sic] in accordance with the provisions of Rule 12(h)(3) of the North Carolina Rules of Civil Procedure, the Court lacks jurisdiction of the subject matter of this action.

The trial court ordered plaintiff's action be dismissed with prejudice. It is from this order that plaintiff appeals.

---

We note as an initial matter that plaintiff's brief contains arguments supporting only six of his original eleven assignments of error. Pursuant to North Carolina Rule of Appellate Procedure 28(b)(6) (2004), the five omitted assignments of error are deemed abandoned. Therefore, we limit our present review to those assignments of error properly preserved by plaintiff for appeal.

The dispositive issue on appeal is whether the statute of limitations barred plaintiff's claims. Plaintiff argues that the one-year period in which he may refile his claims after voluntary dismissal began on 15 January 2002, the date the parties filed the Stipulation of Dismissal. We agree.

According to N.C.R. Civ. Pro. 41(a)(1), any action may be dismissed by a plaintiff without order of the trial court (i) by filing a notice of dismissal at any time before the plaintiff rests his or her case, or (ii) by filing a stipulation of dismissal signed by all parties to the action. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2003). A new action based on a voluntarily dismissed claim may be commenced within one year after the dismissal, unless the stipulation of dismissal signed by the parties "shall specify a shorter time." *Id.* In the instant case, the second trial court concluded that the one-year period for refiling plaintiff's action began to run on 10 September 2001, the date the first trial court dismissed the jury after receiving oral notice of dismissal from the parties. The second trial court determined that the parties could not establish a longer period of time for refiling the action by delaying the entry of their Rule 41(a) stipulation of dismissal. We conclude the second trial court erred in its conclusion.

Generally, "oral notice in open court of voluntary dismissal operates to commence the one-year limitation period set out in Rule 41(a)(1)." *Baker v. Becan,* 123 N.C. App. 551, 553, 473 S.E.2d 413, 415, *cert. denied,* 344 N.C. 629, 477 S.E.2d 37 (1996); *see Danielson v. Cummings,* 300 N.C. 175, 180, 265 S.E.2d 161, 164 (1980) ("[W]hen a case has proceeded to trial and both parties are present in court[,] the one-year period in which a plaintiff is allowed to reinstate a suit from a Rule 41(a) voluntary dismissal begins to run from the time of oral notice of voluntary dismissal in open court."). However, in *Thompson v. Newman,* 331 N.C. 709, 417 S.E.2d 224 (1992), our Supreme Court created an exception to the general rule that is applicable to the instant case. In *Thompson,* the plaintiff complied with the trial court's

express permission to file written notice of dismissal two days after the plaintiff gave notice of dismissal in open court. *Id.* at 713, 417 S.E.2d at 226. Plaintiff later refiled his claim within a year after his written notice of dismissal, but over a year after his oral notice of dismissal. The defendant moved for summary judgment, arguing that the plaintiff's oral notice commenced the one-year savings provision. The Court disagreed with the defendant and held:

> [W]hen a trial court instructs, or expressly permits, a plaintiff who has given oral notice of voluntary dismissal pursuant to Rule 41(a)(1) to file written notice to the same effect at a later date during the session of court at which oral notice was given, and plaintiff files written notice accordingly, the one-year period for refiling provided by the rule begins to run when written notice is filed.

*Id.* at 712, 417 S.E.2d at 225.

In the instant case, counsel for both parties engaged in a discussion with the first trial court judge on 10 September 2001. As a result of these discussions, the trial judge and the parties agreed that after the court declared a mistrial, the court would "put the case on inactive status[] and [the parties] would file [their] stipulation of dismissal in January." Pursuant to these discussions, the parties signed the Agreement on 10 September 2001 and later executed the two supplements detailed above, which extended the date for filing the Stipulation of Dismissal from 2 January 2002 to 15 January 2002.

Defendant argues that because the Agreement and its supplements permitted the parties to file the Stipulation of Dismissal after the court session had ended, the Agreement was inconsistent with this Court's decision in *Baker*. In *Baker*, after recognizing that the "plaintiff's written notice of dismissal was filed after the subject session of court had concluded[,]" we held that the plaintiff's oral notice in court commenced the one-year limitation period of Rule 41(a). 123 N.C. App. at 554, 473 S.E.2d at 415. However, we note that in *Baker* the plaintiff gave notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) before she had rested her case, while in the instant case the parties informed the first trial court of their agreement to dismiss the action after plaintiff had rested his case and during defendant's presentation of evidence. Thus, the dismissal in the instant case was pursuant to Rule 41(a)(1)(ii), which requires the assent of both parties to the dismissal. In order for plaintiff to extend the period for refiling his action, plaintiff would have to gain defendant's assent to

**KEYZER v. AMERLINK, LTD.**

[164 N.C. App. 761 (2004)]

the execution of a supplement or revision of the Agreement. Therefore, as in *Thompson*, "[t]here was no danger plaintiff could have extended indefinitely the one-year savings provision of [Rule 41(a)]." *Id.* at 713, 417 S.E.2d at 226.

As detailed above, the second trial court based its dismissal of plaintiff's action on the conclusion that the parties wrongfully contracted to extend the period of time plaintiff could refile his action. However, the Agreement does not extend the one-year period in which plaintiff may refile his claim following the Rule 41 dismissal; it merely dictates the date the dismissal will be filed. Furthermore, the Agreement does not wrongfully extend the statute of limitations governing plaintiff's breach of contract, breach of express and implied warranties, fraud, and unfair and deceptive trade practices claims. Although plaintiff's second action was filed outside of the period allowed by the statute of limitations, the action was filed within one year of the stipulation of dismissal entered pursuant to Rule 41(a). In such an instance, it is well established that the statute of limitations is tolled by the filing of a Rule 41(a) voluntary dismissal, and the plaintiff is not forbidden from subsequently refiling an action outside the statute of limitations period but within the period proscribed by Rule 41(a). *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 365, 344 S.E.2d 302, 304 (1986); *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 356, 198 S.E.2d 741, 743 (1973).

We conclude that plaintiff's claims should not be barred because he followed the clear directives of a superior court judge and the terms of an agreement he signed with an opposing party. Thus, we hold that the trial court erred in concluding that plaintiff's claims were barred, and we therefore reverse the order of the trial court.

Reversed and remanded.

Judge ELMORE concurs.

Judge BRYANT concurs in the result.