An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-177
NORTH CAROLINA COURT OF APPEALS

Filed:  16 September 2014

KIM CASOLA, ANTONIO CASOLA, A
CASOLA MOTORSPORTS, LLC, d/b/a
TRI-COUNTY MOTOR SPEEDWAY,
        Plaintiffs

        v.                                  Caldwell County
                                            No. 12 CVS 839
CALDWELL COUNTY, NORTH CAROLINA,
        Defendant


        Appeal by plaintiffs from order entered 19 August 2013 by

Judge Timothy S. Kincaid in Caldwell County Superior Court.

Heard in the Court of Appeals 4 June 2014.


        *W. Wallace Respess, Jr., for plaintiff-appellants.*

        *Davis and Hamrick, L.L.P., by Ann C. Rowe, and Wilson,
        Lackey & Rohr, P.C., by David S. Lackey, for defendant-
        appellee.*


        CALABRIA, Judge.


        Kim and Antonio Casola ("the Casolas") and A Casola

Motorsports, LLC, d/b/a Tri-County Motor Speedway ("the

Speedway") (collectively "plaintiffs") appeal from the trial

court's order granting summary judgment in favor of Caldwell County, North Carolina ("the County" or "defendant"). We affirm.

I. Background

The Casolas own and operate the Speedway, a racetrack which is located in an area that is zoned primarily for residential and agricultural use pursuant to defendant's zoning ordinance. The Speedway has operated as a grandfathered nonconforming use since the adoption of the zoning ordinance in 1990.

During its operation, the Speedway has been the subject of multiple complaints from residents in the surrounding community, who allege that the noise from the Speedway interferes with the enjoyment of their homes. In 2009, defendant conducted a study of the noise levels coming from the Speedway and another racetrack in the County. In December 2009, the Caldwell County Board of Commissioners ("the Board") scheduled a public hearing regarding a proposed ordinance ("the ordinance") designed to limit the dates and times racing was allowed at the studied racetracks. Specifically, the ordinance permitted racing, testing, and practice (1) only during the months of March-October and (2) only on Thursdays, Fridays and Saturdays, limited to two of those days per week. At the conclusion of the public hearing on 7 December 2009, the Board voted unanimously to enact the ordinance. The Board amended the ordinance on 21 December 2009 to exempt race events that had been scheduled

prior to the effective date of the ordinance and to allow the Board to grant special use permits for the raceways to operate at times not otherwise permitted by the ordinance.

Shortly thereafter, plaintiffs filed a complaint challenging the ordinance in Caldwell County Superior Court. Plaintiffs voluntarily dismissed this complaint without prejudice on 14 January 2011. On 18 June 2012, plaintiffs filed a new complaint seeking to have the ordinance declared void. Specifically, plaintiffs' complaint alleged that the ordinance was invalid because it violated plaintiffs' due process and equal protection rights, state regulatory laws, and state zoning laws. On 10 July 2013, defendant filed a motion for summary judgment. After a hearing on the motion, the trial court entered an order granting summary judgment in favor of defendant on 19 August 2013. Plaintiffs appeal.

## II. Rule Violations

As an initial matter, we are compelled to address the numerous violations of the Rules of Appellate Procedure by plaintiffs. Plaintiffs' brief fails to include a statement of the issues presented for review, a statement of the procedural history, a statement of the grounds for appellate review, and a full and complete statement of the facts, all of which are required by N.C.R. App. P. 28(b) (2013). Nonetheless, plaintiffs' rule violations are not so egregious as to require

dismissal of this appeal.  *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 366 (2008) (Dismissal of an appeal is appropriate "only in the most egregious instances of non-jurisdictional default[.]").  However, we admonish plaintiffs' counsel to ensure compliance with the Rules of Appellate Procedure in the future.

### III.  Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)  (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).  When a motion for summary judgment is accompanied by supporting affidavits, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2013).

### IV.   Rational Basis

Plaintiffs argue that the trial court erred by granting summary judgment in favor of defendant as to their claim that the ordinance violated their constitutional rights because there

is a genuine issue of material fact as to whether any rational basis for the ordinance exists. We disagree.

Pursuant to N.C. Gen. Stat. § 153A-133 (2013), "[a] county may by ordinance regulate, restrict, or prohibit the production or emission of noises or amplified speech, music, or other sounds that tend to annoy, disturb, or frighten its citizens." Counties may also "regulate and license occupations, businesses, trades, professions, and forms of amusement or entertainment and prohibit those that may be inimical to the public health, welfare, safety, order, or convenience." N.C. Gen. Stat. § 153A-134 (2013).

> [W]hen the exercise of the police power is challenged on constitutional grounds, the validity of the police regulation primarily depends on whether under all the surrounding circumstances and particular facts of the case the regulation is . . . reasonably calculated to accomplish a purpose falling within the legitimate scope of the police power, without burdening unduly the person or corporation affected.

*Winston-Salem v. R.R.*, 248 N.C. 637, 642, 105 S.E. 2d 37, 41 (1958).

In the instant case, plaintiffs contend that the ordinance, which limits the dates and times in which the racetrack may operate, does not have a legitimate purpose and further lacks a rational basis for differentiating between the times racing is allowed and the times when it is not. However, in support of

its motion for summary judgment, defendant provided multiple affidavits which explained the nature of the citizen complaints which provided the impetus for the ordinance as well as explaining that the time limitations imposed by the ordinance were consistent with the historical uses of the Speedway. These affidavits sufficiently demonstrated that defendant was acting within its police powers when enacting the ordinance and that the ordinance was reasonably calculated to deal with the noise issues caused by the Speedway while balancing the rights of plaintiffs to continue the Speedway's protected historical uses. Plaintiffs presented no evidence which disputed defendant's affidavits, and thus, failed to meet their burden of providing specific facts which would demonstrate a genuine issue of material fact regarding whether defendant had either the authority or a rational basis to enact the ordinance. Accordingly, the trial court properly granted summary judgment in favor of defendant as to this issue. This argument is overruled.

## V. Failure to Re-file

Plaintiffs contend that the trial court erred in granting summary judgment for failure to re-file the action within one year. We disagree.

Pursuant to N.C. Gen. Stat. § 1-54, the statute of limitations for "contesting the validity of any zoning or

unified development ordinance" is one year. N.C. Gen. Stat. § 1-54(10) (2013). In the instant case, the fourth claim in plaintiffs' complaint alleged that the ordinance operated as unlawful "exclusionary zoning" and "spot zoning." It is clear from defendant's motion for summary judgment and the transcript from the hearing on the motion that this was the only claim that related to the trial court's Rule 41 ruling.[1]

Plaintiffs' original complaint was voluntarily dismissed on 14 January 2011. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41, when an action is voluntarily dismissed without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal . . . ." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2013). "[I]t is well-established that the statute of limitations is tolled by the filing of a Rule 41(a) voluntary dismissal, and the plaintiff is not forbidden from subsequently refiling an action outside the statute of limitations period but within the period proscribed by Rule 41(a)." *Keyzer v. Amerlink, Ltd.*, 164 N.C. App. 761, 765, 596 S.E.2d 878, 881 (2004). However, plaintiffs did not re-file a new complaint until 18 June 2012, approximately eighteen months after they filed their voluntary dismissal. Therefore, the tolling provision of Rule 41 was no longer applicable and plaintiffs'

---

[1] The trial court's order did not specifically refer to Rule 41, but the rule was referred to when the court orally rendered its decision at the conclusion of the summary judgment hearing.

claim that the ordinance was an invalid zoning ordinance was barred by the statute of limitations. Accordingly, the trial court properly granted summary judgment in favor of defendant as to this claim. This argument is overruled.

## VI. Non-Conforming Use

Finally, plaintiffs argue that there is a genuine issue of material fact as to whether the ordinance deprived plaintiffs of their grandfathered rights in a non-conforming use. However, as noted above, defendant submitted multiple affidavits which averred that the Speedway typically only operated during the days and times which were still permitted by the ordinance. Plaintiffs provided no evidence which contradicted these affidavits. Thus, plaintiffs failed to demonstrate a genuine issue of material fact as to this issue, and the trial court properly granted summary judgment in favor of defendant. This argument is overruled.

## VII. Conclusion

Plaintiffs failed to meet their burden of demonstrating a genuine issue of material fact as to whether defendant had a rational basis for enacting the ordinance. In addition, plaintiffs failed to properly re-file their claim alleging a violation of state zoning laws within the applicable statute of limitations. Finally, plaintiffs failed to establish a genuine issue of material fact as to the alleged deprivation of their

rights in a grandfathered nonconforming use of the Speedway. Consequently, the trial court properly granted summary judgment in favor of defendant. The trial court's order is affirmed.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).