THOMPSON v. NEWMAN

[101 N.C. App. 385 (1991)]

---

GENEVA THOMPSON AND DAVID O. THOMPSON, PLAINTIFFS v. WILLIAM H. NEWMAN, INDIVIDUALLY, AND WILLIAM H. NEWMAN, M.D., P.A., DEFENDANTS

No. 9012SC376

(Filed 15 January 1991)

**Rules of Civil Procedure § 41.1 (NCI3d) — negligence action — voluntary dismissal — refiled action — summary judgment for defendants**

A summary judgment for defendants in a medical negligence action was remanded for further findings of fact

THOMPSON v. NEWMAN

[101 N.C. App. 385 (1991)]

as to when plaintiffs' voluntary dismissal took place where plaintiffs filed a civil action alleging that defendant Dr. Newman had negligently performed a mastectomy by failing to obtain informed consent; the court granted a motion to quash a subpoena for certain witnesses and denied plaintiffs' motion to continue prior to the case being called for trial; later that day, 7 November 1988, the trial court asked plaintiffs' attorney following a recess whether they were ready; plaintiffs' attorney responded "yes" and then stated that they were going to take a voluntary dismissal without prejudice; the court thanked plaintiffs' attorney and stated that "you may file that later in the week"; plaintiffs filed a written notice of voluntary dismissal on 9 November 1988; plaintiffs filed this action on 8 November 1989; and the trial court granted summary judgment for defendants because the three-year statute of limitations had run and because this action was not filed within one year of being voluntarily dismissed. In order for a voluntary dismissal to be effective, a plaintiff must state affirmatively either orally in open court or by filing a notice of dismissal that the plaintiff is in fact taking a voluntary dismissal at that time; a prospective oral statement of intent would not be sufficient.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 33; Limitation of Actions § 313.**

**Voluntary dismissal or nonsuit provision of statute extending time for new action in case of dismissal or failure of original action otherwise than upon the merits. 79 ALR2d 1290.**

Judge GREENE concurring in part and dissenting in part.

APPEAL by plaintiffs from order entered 29 January 1990 by *Judge E. Lynn Johnson* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 25 October 1990.

Plaintiffs filed a civil action on 2 June 1983 alleging defendant Dr. Newman negligently performed a mastectomy by failing to obtain plaintiff Geneva Thompson's informed consent. Prior to the case being called for trial, the court granted a motion to quash a subpoena for certain witnesses and denied plaintiffs' motion to continue. Later in the day, on 7 November 1988, following a recess, the trial court asked plaintiffs' attorney, "are you ready?" Plaintiffs'

attorney responded "yes" and then stated: "Your Honor, with regrets, rather than continue to consume the time of the Court and other people involved and the jury, with Geneva Thompson being in court with me now, we're going to take a voluntary dismissal without prejudice." The court thanked plaintiffs' attorney and stated "and you may file that later in the week." Plaintiffs filed written notice of voluntary dismissal on 9 November 1988.

On 8 November 1989, plaintiffs filed this action, and defendants moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that this action failed to state a claim upon which relief can be granted and is barred by the three-year statute of limitations of N.C. Gen. Stat. § 1-15(c) and by Rule 41(a)(1) because plaintiffs refiled this action more than one year from the taking of the voluntary dismissal by plaintiffs in open court on 7 November 1988.

The trial court entered summary judgment in favor of defendants pursuant to Rule 56 on 29 January 1990 on the grounds that there was no genuine issue of material fact because the three-year statute of limitations had run and this action was not refiled within one year under Rule 41(a)(1) after being voluntarily dismissed by plaintiffs.

From this order, plaintiffs appeal.

*Bailey & Dixon, by David M. Britt, Gary S. Parsons and Mary Elizabeth Clarke, for plaintiff-appellants.*

*Anderson, Broadfoot, Johnson & Pittman, by Hal W. Broadfoot, for defendant-appellees.*

ORR, Judge.

The issue on appeal is whether the trial court erred in granting defendants' motion for summary judgment. For the reasons set forth below, we conclude that the statement by plaintiffs' attorney in open court regarding the taking of a voluntary dismissal is ambiguous as to whether plaintiff is in fact taking a voluntary dismissal or is expressing an intention to do so.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990) of the North Carolina Rules of Civil Procedure provides in relevant part:

[A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal

at any time before the plaintiff rests his case. . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal. . . .

Although the rule specifies "filing a notice of dismissal," in *Danielson v. Cummings*, 300 N.C. 175, 180, 265 S.E.2d 161, 164 (1980), our Supreme Court held that

when a case has proceeded to trial and both parties are present in court, the one-year period in which a plaintiff is allowed to reinstitute a suit from a Rule 41(a)(i) voluntary dismissal begins to run from the time of oral notice of voluntary dismissal given in open court.

Plaintiffs contend that *Danielson* is distinguishable from the present case in that the trial had not yet begun, neither defendants nor the jury was present, the trial court stated "you may file that later in the week," and the notice in the case *sub judice* was filed the following day.

Regarding plaintiffs' contention that the trial had not begun, we note that on 7 November 1988 the trial court granted a motion to quash and denied plaintiffs' motion to continue. Following a recess later in the day, the court asked plaintiffs' attorney, "Are you ready?" Whether in fact the trial court was ready at that immediate time to begin the trial is not clear from the record. The parties or their counsel were present, however.

Regarding the statement of the trial court, "you may file that later in the week," plaintiffs argue that the trial court "granted Plaintiffs' counsel specific permission to submit the written dismissal later in the week, rather than have the running of the one-year period begin on the date Plaintiffs' intention was announced." Plaintiffs cite *State v. Taylor*, 311 N.C. 266, 269, 316 S.E.2d 225, 227 (1984), where the court stated that "the trial judge has the inherent authority to control trial proceedings and to extend a term of court if, in his discretion, it is necessary for the prompt and efficient administration of justice." We do not believe that the trial court by its words was extending the term of court in the interest of the "prompt and efficient administration of justice." To the contrary, such an extension would not be in the interest of the "prompt and efficient administration of justice."

THOMPSON v. NEWMAN

[101 N.C. App. 385 (1991)]

Plaintiffs cite no authority to support the contention that filing the following day overrides the oral notice given in open court. Further, we do not believe that the absence of the jury is significant, and though the defendants were not present, defendants were represented by counsel and the court inquired if the plaintiffs were ready to proceed.

The *Danielson* court stated:

Clearly, when parties confront each other face-to-face in a properly convened session of court where a written record is kept of all proceedings, there is no necessity to file a paper writing in order to take notice of a voluntary dismissal. In such a case, oral notice of dismissal is clearly adequate, and fully satisfies the "filing" requirements of Rule 41(a)(6).

*Danielson*, 300 N.C. at 179, 265 S.E.2d at 163.

Here there is nothing in the record to indicate that anything other than a "properly convened session of court" was taking place. However, in order for a voluntary dismissal to be effective, a plaintiff must state affirmatively either orally in open court or by filing a notice of dismissal that plaintiff is in fact taking a voluntary dismissal at that time. A prospective oral statement of intent would not be sufficient. Here the statement made by plaintiffs' attorney that "we're going to take a voluntary dismissal without prejudice" is ambiguous in the absence of additional evidence as to whether plaintiffs' attorney was in fact taking a voluntary dismissal or was merely expressing an intention to do so. Neither the record nor the order of the trial court reflects the intention of the plaintiffs nor the understanding of the trial court as to *when* the actual dismissal took place. Accordingly, summary judgment was inappropriate and the case is remanded to the trial court to make findings of fact consistent with this opinion.

Reversed and remanded.

Judge DUNCAN concurred prior to 29 November 1990.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

The record indicates that at the time plaintiffs' counsel stated that "we're going to take a voluntary dismissal," court was in

session, the case was called for trial by the court, and all parties were represented in court by counsel. Therefore, I agree with the majority that the "parties confront[ed] each other face-to-face in a properly convened session of court" as required by *Danielson*, such that oral notice of a voluntary dismissal was permissible. *Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d 161, 163 (1980).

However, contrary to the majority, I believe the oral notice of voluntary dismissal was unambiguous and was, therefore, effective immediately. I am unable to distinguish the facts in this case from those in *Danielson*. In *Danielson*, the court minutes indicated that plaintiff's counsel stated that "a voluntary dismissal would be presented in this case." *Danielson* at 176, 265 S.E.2d at 161. I find the statement made by plaintiffs' counsel in the present case to be less ambiguous than that in the case of *Danielson*. Also, while in *Danielson* "the judge presiding stopped the trial, dismissed the jury and went on to other calendared business," *id.* at 176, 265 S.E.2d at 161, in the present case the judge expressly excused the parties after counsel announced that plaintiffs were "going to take a voluntary dismissal." Thus, in both cases the proceedings were terminated after the oral announcements were made in open court. Therefore, under *Danielson* the time during which to file the new action in the present case must be measured from the time of the oral notice in open court.

Accordingly, I vote to affirm.