GEORGE DOUGLAS ROBINSON AND CATHY P. ROBINSON v. GENERAL
MILLS RESTAURANTS, INC., D/B/A RED LOBSTER INNS OF AMERICA
v. SALT WATER SEAFOOD, INC. AND OLDE TOWNSITE COMPANY, INC.,
T/A SALTWATER SEAFOOD AND GEORGE DOUGLAS ROBINSON AND
CATHY P. ROBINSON v. GENERAL MILLS RESTAURANTS, INC., D/B/A
RED LOBSTER INNS OF AMERICA, OLDE TOWNSITE COMPANY, INC.,
T/A SALTWATER SEAFOOD, AND SALT WATER SEAFOOD, INC.

No. 9119SC1159

(Filed 15 June 1993)

1. **Rules of Civil Procedure § 41.1 (NCI3d) — voluntary dismissal — filed in correct county — wrong county named in motion — dismissal effective**

    A voluntary dismissal is effective if, although filed in the correct county, it recites a different county, since the crucial element in a notice of dismissal is the intention of the party actually to dismiss the case, and the recitation of the county in the caption in this case was mere surplusage.

    **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 35.**

2. **Rules of Civil Procedure §§ 41.1, 60.3 (NCI3d) — voluntary dismissal without prejudice — final adjudication — Rule 60 motion for relief — court's determination that it had no authority to grant — misapprehension of law — error**

    A voluntary dismissal without prejudice can act as a final adjudication for purposes of relief pursuant to N.C.G.S. § 1A-1, Rule 60(b) once the one-year period for refiling an action has elapsed and the action can no longer be resurrected; therefore, the trial court, in determining that it had no authority to act on plaintiffs' Rule 60 motion, misapprehended the law, and its denial of plaintiffs' motion for relief on that basis was error requiring reversal and remand.

    **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 78, 84.**

Appeal by plaintiffs from order entered 30 August 1991, by Judge William H. Freeman in Forsyth County Superior Court and from order entered 21 August 1991, by Judge W. Douglas Albright in Montgomery County Superior Court. Heard in the Court of Appeals 26 February 1993.

*Bailey & Dixon, by Gary S. Parsons, Patricia P. Kerner and Steven M. Fisher, for plaintiffs.*

*Hutchins, Tyndall, Doughton & Moore, by H. Lee Davis, Jr., for defendant General Mills Restaurants, Inc.*

*Bell, Davis & Pitt, P. A., by Richard V. Bennett and Howell A. Burkhalter, for defendants Olde Townsite Company, Inc., Salt Water Seafood, Inc. and Saltwater Seafood.*

McCRODDEN, Judge.

This case presents two questions: first, whether a voluntary dismissal is effective if, although filed in the correct county, it recites a different county; and second, when, if ever, a trial court may grant a Rule 60 motion for relief from a voluntary dismissal without prejudice. Because of the intricate nature of the procedural questions involved, we must first give a brief recitation of the procedural history of this case.

On 24 January 1989, plaintiffs filed an action for personal injury and loss of consortium, and on 27 December 1989, they filed a notice of voluntary dismissal without prejudice (the first notice). Both of these documents were filed in Forsyth County Superior Court. The notice of voluntary dismissal correctly recited the Forsyth County docket number and the names of the parties but it misstated the county in which the action pended. Nonetheless, the Forsyth County Clerk of Superior Court accepted and filed the notice of dismissal.

When he received his copy of the notice of dismissal, the attorney for defendant Salt Water notified plaintiffs' counsel of the error. As a result, on 24 January 1990, plaintiffs filed a second, corrected notice of voluntary dismissal (the second notice).

On 8 January 1991, more than one year after the filing of the first notice but within one year of the filing of the second notice, plaintiffs refiled this action in Montgomery County Superior Court. Defendants General Mills and Salt Water filed answers which contained Rule 12(b)(6) motions to dismiss based on plaintiffs' failure to refile the action within one year of filing the first notice of voluntary dismissal, a requirement of N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990).

On 11 July 1991, before defendants' motions could be heard in Montgomery County, plaintiffs filed in Forsyth County a motion for relief from the first notice of dismissal, pursuant to Rule 60. On 2 August 1991, the Forsyth trial court denied the motion and, in its 30 August 1991 written order, stated that "[i]f . . . [it] had the authority to vacate the December 27, 1989 Notice of Voluntary Dismissal, it would, in its discretion grant Plaintiff's Motion for relief from that Notice of Dismissal; however, such authority does not exist." After the 2 August 1991 denial of plaintiffs' motion, the Montgomery County court took judicial notice of the Forsyth County court's decision and concluded that the first notice was valid and that the period of limitation of Rule 41(a) barred plaintiffs' action in Montgomery County. Plaintiffs properly took appeal from both of these decisions.

---

Plaintiffs' first assertion is that the Montgomery County court erred in concluding that the first notice of dismissal was valid, because the notice, filed in Forsyth County but reciting Richmond County as the county of venue, was fatally defective. Although we reverse and remand based upon the Forsyth County trial court's action, a review of this issue is necessary to show that plaintiffs' Rule 60 motion in Forsyth County was necessary.

[1] To persuade us that the first notice filed without proper notation of venue was defective, plaintiffs cite *Everhart v. Sowers*, 63 N.C. App. 747, 306 S.E.2d 472 (1983), and attempt to analogize the instant case with one dealing with a summons. The analogy does not hold. In *Everhart*, the summons at issue designated Cabarrus County in its caption although the action was actually pending in Davidson County. This Court found the summons fatally defective and incapable of conferring jurisdiction because it failed to notify the party of the proceeding against him and did not, therefore, afford him due process. *Id.* at 750, 306 S.E.2d at 474.

Reflecting this due process requirement, the Rules of Civil Procedure of North Carolina, specifically N.C. Gen. Stat. § 1A-1, Rule 4 (1990), require that a valid summons contain the title of the cause, the name of the court and the county in which the action has been commenced. With regard to the requirements for a notice of voluntary dismissal, however, the rules are silent. Indeed, a party may take a voluntary dismissal by oral declaration in open court. *Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d

ROBINSON v. GENERAL MILLS RESTAURANTS

[110 N.C. App. 633 (1993)]

161, 164 (1980). The crucial element in a notice of dismissal is the intention of the party actually to dismiss the case. *See Thompson v. Newman*, 101 N.C. App. 385, 399 S.E.2d 407 (1991), *vacated in part on other grounds*, 331 N.C. 709, 417 S.E.2d 224 (1992).

In the instant case, there is no question that the plaintiffs actually intended to dismiss their action by filing the first notice. The recitation of the county in the caption was mere surplusage. Since plaintiffs filed the first notice of dismissal in the correct county, we find that that notice was effective to dismiss the plaintiffs' action on 27 December 1989. From this date, plaintiffs had one year within which to refile their action. Since they did not *and since Forsyth County had not granted plaintiffs any relief from the voluntary dismissal*, the trial court's dismissal on the basis of the one-year period was appropriate at the time. Because of our decision on the ruling of the Forsyth County court, however, the Montgomery County court's dismissal of the plaintiffs' action must also be reversed and reconsidered on remand after Forsyth County has reconsidered its denial of plaintiffs' Rule 60 motion, to which we now turn.

[2] Plaintiffs' second argument is that the Forsyth County court erred in finding that it lacked the authority to vacate the first notice of voluntary dismissal. Plaintiffs assert that *Carter v. Clowers*, 102 N.C. App. 247, 401 S.E.2d 662 (1991), is controlling authority in this case. We believe that, although that case is not quite on point, it is instructive.

In *Carter*, the plaintiff had mistakenly taken a Rule 41 voluntary dismissal with prejudice as against one of two defendants. A panel of this Court held that a notice of voluntary dismissal with prejudice was a final judgment and could therefore be subject to a motion for relief from judgment pursuant to Rule 60.

In the instant case, the plaintiffs took a voluntary dismissal *without* prejudice, necessarily raising the question of whether a voluntary dismissal without prejudice is a final adjudication to which a Rule 60(b) motion might be directed. North Carolina's appellate courts have never squarely addressed this issue.

Rule 41(a) provides that an action may be dismissed by the plaintiff without order of the court by filing a notice of dismissal at any time before the plaintiff rests; unless otherwise stated in

ROBINSON v. GENERAL MILLS RESTAURANTS

[110 N.C. App. 633 (1993)]

the notice, the dismissal is one without prejudice. If plaintiff takes a dismissal in an action timely begun, he may institute a new action based on the same claim within one year of the voluntary dismissal (or longer if the applicable statute of limitations allows). Rule 41(a)(1). The rule does not speak to the question of when a voluntary dismissal becomes a final adjudication except in those instances in which a party takes a second such dismissal. *Id.* In those instances, the second dismissal acts as a final adjudication, a fact that supports our holding that a voluntary dismissal without prejudice can act as a final adjudication under certain circumstances.

During the year following the filing of a voluntary dismissal without prejudice, such dismissal is not a final adjudication of the case. *See Hensley v. Henry,* 61 Ohio St. 2d 277, 400 N.E.2d 1352 (1980). We hold, however, that once the one-year period for refiling an action has elapsed and the action can no longer be resurrected, the voluntary dismissal acts as a final adjudication for purposes of Rule 60(b).

In the case before us, when plaintiffs filed their Rule 60(b) motion, a year had elapsed since the first notice was filed. In addition, the applicable statute of limitations had run. We believe that at that time the voluntary dismissal was a final adjudication for purposes of a Rule 60 motion.

A motion for relief from judgment under Rule 60 is addressed to the sound discretion of the trial court. *Sink v. Easter,* 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). There are several grounds for relief under a Rule 60(b) motion. Indeed, another panel of this Court has labeled Rule 60(b) as "a grand reservoir of equitable power." *Jim Walter Homes, Inc. v. Peartree,* 28 N.C. App. 709, 712, 222 S.E.2d 706, 708 (1976). In the instant case, although we could speculate on grounds for relief, we cannot determine what the trial judge had in mind when he indicated that he would grant relief if he had the authority to do so.

We do know, however, that in so ruling, he failed to comprehend his authority under the law. Where a trial court, under a misapprehension of the law, has failed to exercise its discretion regarding a discretionary matter, that failure amounts to error which requires reversal and remand. *Lemons v. Old Hickory Council,* 322 N.C. 271, 277, 367 S.E.2d 655, 658, *reh'g denied,* 322 N.C. 610, 370 S.E.2d 247 (1988). In determining that it had no authority to act on plaintiffs' Rule 60 motion, the Forsyth County court

misapprehended the law, and its denial of plaintiffs' motion on that basis was error. Accordingly, we reverse the 30 August 1991, order and remand to Forsyth County Superior Court for proceedings consistent with this opinion. Before further action on its part, the Montgomery County court must await the Forsyth County court's determination of plaintiffs' Rule 60 motion.

Reversed and remanded.

Judges Eagles and Orr concur.